CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 6, 2019

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Amy C. Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

    Subject:   *Sunil M. v. Berryhill*[1]
                     Civil No.: 8:18-cv-274-GLS

Dear Counsel:

      Pending before this Court, by the parties' consent, are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (ECF Nos. 12, 13). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, I will deny both parties' motions, reverse the SSA's decision in part, and remand for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

      Plaintiff filed a Title II Application for Disability Insurance Benefits on August 23, 2014, alleging an onset disability date of March 20, 2013.[2] (Tr. 22). This claim was initially denied on January 8, 2015, and upon reconsideration, denied again on April 29, 2015. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on March 20, 2017, by an Administrative Law Judge ("ALJ"). (Tr. 30). On June 21, 2017, the ALJ found that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act and denied Plaintiff's claims.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Plaintiff initially listed June 30, 2007, as his alleged onset disability date. This was amended at the March 20, 2017 hearing. (Tr. 22; 381).

(Tr. 30). On November 27, 2017, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1–3). Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right of further review after the ALJ's decision becomes final and thus, filed her claim in this Court. (ECF No. 1).

## II. ANALYSIS TO BE PEFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process as set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most the claimant could do despite their limitations, through consideration of Plaintiff's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

The issue before this Court is not whether the Plaintiff is disabled, but whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence. *Craig*, 76 F.3d at 589; 42 U.S.C. § 405(g). Plaintiff advances two arguments alleging that the ALJ erred. Plaintiff first avers that the ALJ failed to set forth sufficient narrative to support his conclusion. (ECF No. 12-1 at 3-7). Second, Plaintiff alleges that the ALJ failed to properly evaluate Plaintiff's subjective complaints. (*Id*. at 7-10). Defendant counters that there is no genuine issue as to any material fact and that the SSA's final decision is supported by substantial evidence. (ECF No. 13).

## III. DISCUSSION

Plaintiff contends that the ALJ erred in performing the "function-by-function assessment" in determining her RFC because the ALJ failed to "set forth a narrative discussion setting forth how the evidence supported each conclusion" including "citing to specific medical facts and nonmedical evidence." (ECF No. 12-1, at 5-6).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has recently held that a "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, ___ F.3d ___, 2019 WL 193948, at *3 (4th Cir. Feb. 22, 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion.").

Here, the ALJ found that Plaintiff suffered from the following severe impairments: sleep apnea, uncomplicated diabetes mellitus, mild osteoarthritis, valvular heart disease, lumbago and hypertension. (Tr. 24). Recognizing those impairments, the ALJ determined that Plaintiff had the RFC to:

> lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently. He can sit for six hours in an eight-hour workday, but can stand or walk for two hours each in an eight-hour workday. The [Plaintiff] is limited to frequently handling, fingering, and feeling with the right and left hands. He can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds. The claimant can balance, stoop, kneel, crouch, and crawl occasionally. Finally, he can never work at unprotected heights or around moving mechanical parts.

(Tr. 26). Based upon those findings, the ALJ concluded that Plaintiff could perform "sedentary work," with certain limitations. (*Id.*). In addition, the hearing record shows that the ALJ presented hypotheticals that mirrored Plaintiff's impairments to a vocational expert ("VE"), who testified that Plaintiff had the ability to perform past relevant work. (Tr. 172). Based on this testimony, the ALJ concluded that Plaintiff had the ability to perform past relevant work as a Signatures Manager, because the job "is sedentary as generally performed and light as actually performed." (Tr. 29).

In urging against remand, the SSA contends that the ALJ's "narrative explains how the ALJ applied the applicable laws to the facts of the case and arrived at the limitations in the RFC," and therefore, the ALJ properly performed her duty. (ECF No. 13-1, at 5-6). I note that the ALJ did provide a narrative as to certain conclusions. For example, as it pertained to Plaintiff's ability to carry 10 pounds or less, the ALJ concluded that "[l]ifting and carrying heavy items and performing certain postural and manipulative activities may worsen lower back and knee pain and exacerbate [his] heart problems." (Tr. 29). Regarding Plaintiff's "poor sleep quality," presumably due to sleep apnea, the RFC was limited to exclude "certain environments [that] may be particularly dangerous" and that Plaintiff should not work around unprotected heights or moving mechanical parts, because Plaintiff's symptoms could also impair judgment. (*Id.*).

Recently, the Fourth Circuit has held that "meaningful review is frustrated when an ALJ goes straight from listing the evidence to stating a conclusion." *Thomas*, ___F.3d. ___, 2019 WL 193948, at *3; *see also Mascio,* 780 F.3d at 636 ("[W]here an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review," remand is appropriate.). An ALJ's narrative discussion "must *both* identify evidence that supports [the] conclusion and build an accurate and logical bridge from [that] evidence to [the] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotation omitted).

Although the ALJ included a limited narrative discussion, the ALJ did not cite to evidence or provide an explanation tying the evidence to the conclusion that Plaintiff could only perform sedentary work.[3] Absent from the ALJ's decision is an explanation of any medical or nonmedical evidence leading to the conclusion that Plaintiff is limited to lifting or carrying ten pounds or less. In addition, although the ALJ referenced Plaintiff's lower back pain, knee pain, and heart problems, there is no logical bridge connecting this information to the conclusion made, specifically, how those symptoms result in Plaintiff being able to only perform sedentary work. Moreover, reviewing the ALJ's findings regarding Plaintiff's alleged symptoms associated with his knee and heart, the ALJ concluded that those associated symptoms were "generally benign," and the ALJ further explained that the evidence suggested Plaintiff "could sustain a greater capacity of physical and mental work related activity." (Tr. 29). In this instance, the ALJ's conclusion that Plaintiff's symptoms prevented him from lifting or carrying heavier items does not comport with the findings made, and absent an explanation to bridge the gap, I am unable to ascertain how the ALJ came to this conclusion from the evidence.

Furthermore, the ALJ did not explain or cite to evidence to support the finding that Plaintiff could sit for six hours or stand or walk for at least two hours. In reviewing the hearing transcript, the ALJ asked the VE hypotheticals involving physical exertion levels of someone with the same age, education, and work experience could perform, i.e., light sedentary and medium work. (Tr. 170–73). It was during this testimony that Plaintiff's attorney asked the VE whether a hypothetical person of the same age, education, and work experience was "not capable of [sic] . . . sitting any longer than . . . four hours" or had the ability to stand or walk for only two hours out of an eight-

---

[3] "Sedentary work" is defined as "lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R. § 404.1567(a. A job is classified as sedentary work if it requires "walking and standing . . . occasionally and other sedentary criteria are met." (*Id.*)

*Sunil M. v. Berryhill*
GLS-18-274
March 6, 2019

hour day. (Tr. 175). A review of the ALJ's findings does not reflect how or whether the ALJ took into account the hypothetical posed by Plaintiff's counsel. Because the ALJ's analysis is lacking, on remand the ALJ must provide an explanation and cite to evidence to sustain those findings. Last, I note that the ALJ's decision did not include any explanation of – or reference to – any evidence for this Court to ascertain how the ALJ determined that Plaintiff could climb ramps or stairs occasionally, but could not climb ladders, ropes, or scaffolds at all.

In sum, I am unable to ascertain how the ALJ arrived at each finding in the RFC assessment, and therefore, left to guess about how the ALJ arrived at the conclusion that Plaintiff had the ability to perform past previous work. Accordingly, remand is necessary. *See e.g., Thomas,* ___F.3d. ___, 2019 WL 193948, at *3 (requiring remand when "RFC contains too little logical explanation"); *Woods,* 888 F.3d at 694 (failure to explain how the ALJ came to its conclusion based on evidence warranted remand); *Mascio*, 780 F.3d at 636 (requiring remand where other inadequacies in the ALJ's analysis frustrate meaningful review). On remand, the ALJ should ensure that its findings properly comports with what is expected by including what medical evidence supports this findings and an explanation tying the evidence to the conclusion.

Plaintiff's also argues that the ALJ failed to perform any real assessment of the Plaintiff's credibility related to her subjective complaints. (ECF No. 12-1, at 7). Given that this case is being remanded on other grounds, I do not express an opinion as to the merits of this contention. On remand, the ALJ should consider to what extent or impact, if any, did Plaintiff's subjective allegations have on her credibility assessment and to properly ensure that this is contained within the record therein.

Despite remanding the case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 12), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 13), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED for further proceedings consistent with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge